UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| LIONEL ELIZAH WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. |
| | ) | 5:19-cv-460-JMH |
| V. | ) | |
| | ) | |
| WARDEN FRANCISCO QUINTANA | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Lionel Elizah Williams is a federal inmate currently housed at the Federal Medical Center ("FMC")-Lexington located in Lexington, Kentucky.  Proceeding without a lawyer, Williams has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his conviction.  [DE 1]. This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243.  *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

**I.**

According to Williams' petition, on October 2, 1991, he pled guilty in the United States District Court for the Eastern District

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

1

of Virginia to a three-count information charging him with
conspiracy to commit armed bank robbery in violation of 18 U.S.C.
§ 371 (Count One); armed bank robbery in violation of 18 U.S.C. §
2113(d) (Count Two); and the use of a firearm in commission of a
crime of violence in violation of 18 U.S.C. § 924(c) (Count Three).
[DE 1]. Despite the fact that he was also charged with armed bank
robbery, Williams claims that, with respect to the § 924(c)
offense, the information listed only the count of conspiracy to
commit armed bank robbery as the underlying "crime of violence"
triggering the § 924(c) charge.[2]

In December 1991, Williams was sentenced to terms of
imprisonment of 60 months on Count One, 96 months on Count Two,
and 60 months on Count Three, all to run consecutively for a total
term of imprisonment of 216 months. *See United States v. Williams*,
No. 2:90-cr-149-RGD-2 (E.D. Va. 1990). A review of the docket in
Williams' criminal case shows that he has since filed multiple
unsuccessful motions and appeals seeking relief from his sentence,

---

[2] Williams neither attaches a copy of the information, nor is a
copy available through the Court's online PACER system in light of
the age of Williams' conviction. However, as will be discussed
more fully herein, Williams' claim that the predicate "crime of
violence" for his § 924(c) charge was conspiracy to commit armed
bank robbery (and not armed bank robbery itself) is directly
contradicted by the record in his criminal case. It is also
contrary to facts that Williams himself presented in a prior motion
seeking relief pursuant to 28 U.S.C. § 2255.

both in the District Court and with the United States Court of Appeals for the Fourth Circuit. *Id.* In light of the sheer volume of motions for post-conviction relief filed by Williams, a discussion of the basis for each is unwarranted, except to note that he has filed at least two motions to vacate his sentence pursuant to 28 U.S.C. § 2255. *See id.* at R. 33, 47, 35 (denying Williams' second motion to vacate pursuant to § 2255), 73. Williams has also previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity and administration of his sentence in this Court, which was also denied. *See Williams v. Quintana*, No. 5:17-cv-283-KKC (E.D. Ky. 2017).

Williams has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court challenging his § 924(c) conviction for the use of a firearm in commission of a crime of violence. [DE 1]. Specifically, Williams relies on the United States Supreme Court's recent decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), which held that the "residual clause" set forth in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. According to Williams, because the residual clause of 18 U.S.C. § 924(c)(3)(B) is invalid, his conspiracy to commit armed robbery charge no longer qualifies as a "crime of violence" for purposes of his 18 U.S.C. § 924(c) conviction, thus he is "actually

3

innocent" of his Count Three § 924(c) conviction.  He seeks to bring his claim in this § 2241 petition via the "savings clause" of 28 U.S.C. § 2255(e).  However, having reviewed the petition, the Court must deny relief, both because Williams' claim is not cognizable in a § 2241 habeas corpus petition and because it is without merit.

## II.

A federal prisoner generally may not use a § 2241 petition to challenge the legality of his conviction or sentence.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  Rather, a prisoner who wishes to raise such a challenge must file a motion under § 2255.  *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition).  A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255.  *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention.  *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004).  A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion;

4

or he did file such a motion and was denied relief.  *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002).  Rather, to properly invoke the savings clause, the petitioner must assert a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense.  *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).  However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief."  *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Here, Williams challenges the validity of his conviction for using a firearm in commission of a crime of violence in violation of 18 U.S.C. § 924(c) (Count Three).  Section 924(c) provides for heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in

5

furtherance of," any federal "crime of violence or drug trafficking crime."  § 924(c)(1)(A).  Pursuant to § 924(c)(3), a "crime of violence" is defined as "an offense that is a felony" and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  The first subpart of this definition, § 924(c)(3)(A), is known as the "elements" or "use-of-force" clause.  The second subpart, § 924(c)(3)(B), is known as the "residual" clause.  In *Davis*, the United States Supreme Court held that the "residual" clause set forth in § 924(c)(3)(B) is unconstitutionally vague.  *Davis*, 139 S.Ct. 2319 (2019).

However, *Davis* is a case of constitutional – not statutory – interpretation.  Accordingly, it must be asserted (if at all) in a petition filed pursuant to 28 U.S.C. § 2255(h)(2).  *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015).  Because a claim based on a new rule of constitutional law may be asserted in a second or successive motion certified under § 2255(h)(2), that remedy is not structurally "inadequate and ineffective" to test the legality of his detention, rendering resort to § 2241 impermissible.  *Truss v.*

*Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004); *McDowell v. Warden, FCC Medium Coleman*, 694 F. App'x 692, 693-94 (11th Cir. 2017).

Indeed, Williams sought authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 petition relying on *Davis* and the Fourth Circuit denied his request. *In re: Lionel Elizah Williams*, No. 19-377 (4th Cir. Oct. 8, 2019). However, the Fourth Circuit's denial of Williams's request does not make the remedy afforded by § 2255 petition "inadequate or ineffective" for purposes of the savings clause; rather, it implies that the Fourth Circuit concluded that Williams is not entitled to relief under the new rule of constitutional law announced in *Davis*. Because Williams cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he cannot now use the saving clause to get another bite at the apple. *Id*. at 706.

Moreover, even if Williams could raise a *Davis* claim in a § 2241 petition, the Supreme Court's holding in *Davis* does not apply to him. As an initial matter, his § 2241 petition is based on a misrepresentation of his conviction, one that is confirmed by a review of the record in his criminal case, including prior *pro se* pleadings filed by Williams seeking relief from his conviction of § 924(c). In his § 2241 petition filed in this case, Williams

7

brazenly claims that the *only* basis for his § 924(c) charge was his charge of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (Count One).  [R. 1-1 at p. 2]  However, Williams previously filed a successive § 2255 motion seeking relief from his Count Three conviction in which he specifically stated that the charge of armed bank robbery in violation of 18 U.S.C. §§ 2213(a), (d) served as the predicate "crime of violence" providing the basis for his § 924 (c) charge in Count Three.  *See United States v. Williams*, No. 2:90-cr-149-RGD-2 (E.D. Va. 1990) at R. 66, p. 2 ("On December 12, 1991, petitioner was convicted of one count of possessing a firearm in relation to a 'crime of violence' in violation of 18 U.S.C. § 924(c).  *Specifically, the count alleged that the underlying 'crime of violence' for the § 924(c) charge was armed robbery under 18 U.S.C. 2113(a)&(d)*.") (emphasis added).  That the armed bank robbery charge, not conspiracy to commit armed bank robbery charge, was the underlying charge providing the basis for his § 924(c) charge was confirmed by the district court that sentenced Williams in its Order denying Williams' claim for relief in light of *Johnson v. United States*, 135 S.Ct. 2251, 2563 (2015), in which the District Court specified that "[t]he underlying 'crime of violence' supporting Count Three, the charge under 18 U.S.C. § 924(c), was Count Two, Armed Bank Robbery, in violation of 18 U.S.C. § 2113(d)."  *Williams v. United*

8

*States*, No. 2:16CV378, 2016 WL 10952820, at *1 (E.D. Va. Oct. 20, 2016).  This Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2). And while Williams' petition is afforded liberal construction, this does not mean that the Court must accept as true facts that are not only both directly contradicted by the record in Williams' criminal case, but also in a prior petition filed by Williams.

While the District Court denied Williams'§ 2255 motion on procedural grounds, it also found that his Count Three conviction was unaffected by the Supreme Court's ruling in *Johnson*, because "[t]he underlying crime of violence upon which Petitioner's § 924(c) conviction was based—federal armed bank robbery, 18 U.S.C. § 2113(d)—is a crime of violence *not* under § 924(c)'s residual clause but rather the force clause." *Id*. at *5 (emphasis added). Indeed, as noted by the District Court, the Fourth Circuit has consistently held that armed bank robbery in violation of 18 U.S.C. § 2113(d) qualifies as a "crime of violence" under the "use-of-force" clause of § 924(c)(3)(A), not the residual clause of § 924(c)(3)(B). *United States v. McNeal*, 818 F.3d 141, 151-153 (4th Cir. 2016). *See also United States v. Benson*, 957 F.3d 218, 240

9

(4th Cir. 2020) (where a crime qualifies as a "crime of violence" under the force clause of § 924(c)(3)(B), and not the residual clause of § 924(c)(3)(B), the Supreme Court's decision in *Davis* "has no bearing on whether [that crime] constitutes a valid crime of violence for the purposes of a § 924(c)(1) conviction.") (citing *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019)).[3] Thus, because armed bank robbery qualifies as a "crime of violence" under the "use-of-force" clause of § 924(c)(3)(A), the Supreme Court's holding in *Davis* invalidating the residual clause simply does not apply to Williams.

For all of these reasons, the Court finds that Williams is not entitled to habeas relief based on the § 2241 petition filed in this Court.

Accordingly, **IT IS ORDERED** as follows:

(1) Williams' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE 1] is **DENIED;**

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

---

[3] While a § 2241 petition (including a § 2241 petition filed under the savings clause of § 2255) must be filed in the district of confinement, *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004), the district court in which the petition is filed applies the substantive law of the circuit in which the defendant was convicted and sentenced. *See In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Hogan v. Butler*, No. Civ. 6:15-046-GFVT, 2015 WL 4635612, at *5-*7 (E.D. Ky. Aug. 3, 2015).

(3) A corresponding judgment will be entered this date.

This 9th day of June, 2020.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge

11